UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GERMAN VASQUEZ,<br><br>            Plaintiff,<br><br>     v.<br><br>JO ANNE B. BARNHART,<br>Commissioner of Social<br>Security,<br><br>            Defendant. | No. CV 06-00739-VBK<br><br>MEMORANDUM OPINION<br>AND ORDER<br><br>(Social Security Case) |

   This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits.  Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge.  The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and certified Administrative Record before the Commissioner ("AR").  The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR.  After reviewing the matter, the Court concludes that the decision of the Commissioner must be reversed and the matter remanded for further hearing.

In his first issue, Plaintiff asserts that the Administrative Law Judge ("ALJ") did not make a proper credibility finding.

The body of the Decision contains no discussion of credibility. Rather, the ALJ makes a finding that Plaintiff's allegations regarding his limitations "are not entirely credible for the reasons set forth in the body of the decision." (See AR at 13, Finding 5.) When the Decision, which spans only three pages, is read for purposes of determining exactly what reference is meant by that finding, the only relevant reference would be to part of Plaintiff's testimony. As summarized by the ALJ, Plaintiff testified that he could perform the work of parking attendant or cashier as long as he did not have to stand. (AR 11-12, 183.)[1]

The ALJ's summary ignores other important qualifications to Plaintiff's testimony which must be considered in context. Plaintiff testified that the pain in his back prevents him from working (AR 180), and that the longest amount of time he can spend in a seated position is an hour and 15 minutes. He can only stand for 30 or 40 minutes at one time. He can at most lift a light grocery bag. He lays down several times during the daytime, for a total of an hour and a half between 9:00 to 5:00 on an average day. (AR 184-185.) Finally, in his Exertional Daily Activities Questionnaire, Plaintiff indicated he could drive a car for 30 minutes. (AR 55.) This appears to be consistent with his testimony that he picks up his grandchildren at school and returns home. (AR 183.)

Plaintiff's pain complaints are not inconsistent with findings of

---

[1] In any event, the testimony referred to only includes Plaintiff's response to the ALJ's question whether he could work as a parking lot attendant.

his treating physician, Dr. Nagelberg, who on August 25, 2003 found "palpable tenderness and spasm over the lower lumbar paraspinal musculature." (AR 99.)  Limitations were also found in Plaintiff's ability to forward flex and extend, and in lateral bending. (See, Id.)

In a letter report of December 2, 2004, Dr. Nagelberg again noted posterior lumbar tenderness, and more severe limitations with flexion and extension. (AR 132.)  On October 6, 2004, Dr. Nagelberg noted midline paraspinal tenderness during a lumbar spine examination along with left paraspinal muscle spasm.  Again, there were limitations in forward flexion and extension. (AR 136.)  Indeed, the medical records from Dr. Nagelberg for the period of February 18, 2004 through December 2, 2004 consistently reflect ongoing issues of pain, spasm upon examination, and limitations in the areas of flexion and extension. (See AR at 132-174.)  In a report of July 13, 2004, Dr. Nagelberg indicated that he placed work restrictions on Plaintiff for both prophylactic and medical reasons. (AR 147.)  The ALJ interpreted these restrictions as being solely prophylactic, based on Plaintiff's "admission during the hearing" that he can perform work which did not require standing. (AR at 12.)

Clearly, the ALJ's credibility finding, dependent as it is on an incomplete summary of Plaintiff's testimony, cannot withstand review. While Plaintiff may have felt that he could do sedentary work, his statements regarding limitations in his ability to remain in a seated position for more than an hour and a quarter, combined with his other testimony, could well impact his ability to perform sedentary work, if his testimony is credible.  Since the ALJ failed to address that testimony, however, the Court cannot determine the adequacy of the credibility finding.  It is the ALJ's responsibility to make specific

3

findings on credibility and to state clear and convincing reasons for each.  See Smolen v. Chater, 80 F.3d 1273, 1283-84 (9th Cir. 1996). That was not done in this case, thus mandating reversal and a remand for new proceedings.  The Court further notes that the Commissioner's contentions in the Joint Stipulation ("JS") concerning application of the Grid Rules, in particular Grid Rule 201.19, is misplaced. Plaintiff has both exertional and non-exertional limitations, which therefore means that the grids may only be consulted in determining whether a finding of disabled may be possible based on strength limitations alone.  See 20 C.F.R., Part 404, subpart P, App. 2, §200.00(e)(2)(2006).  For a person such as Plaintiff, the grids may not be used to direct a conclusion of non-disability.  See Tackett v. Apfel, 180 F.3d 1094, 1102 (9th Cir. 1999).

Plaintiff's second issue is that the ALJ should have obtained the assistance of a vocational expert ("VE") in light of his significant nonexertional limitations.  Plaintiff also argues, however, that where nonexertional impairments significantly limit the range of work permitted by exertional limitations, the grids should not be used. (See JS at 6.)  In fact, as the Court has noted, the regulations provide that in cases of mixed exertional and nonexertional limitations, the grids should be utilized to determine if a finding of disability may be based on strength limitations alone.  The grids may, however, not be used to direct a conclusion of nondisability.  In this case, a VE will be required if, after consulting the grids, it is determined that Plaintiff's exertional limitations in and of themselves do not warrant a finding of disabled.

//
//

1  For the foregoing reasons, the decision of the Commissioner is
2 reversed and this matter is remanded for a new hearing consistent with
3 this Memorandum Opinion.
4  **IT IS SO ORDERED.**

6 DATED: November 27, 2006

8                                         /s/
                                   VICTOR B. KENTON
9                                  UNITED STATES MAGISTRATE JUDGE